Charles E. MOREFIELD et
al., Appellants,

v.

Leslie H. MOORE, County Court Clerk,
et al., Appellees.

Supreme Court of Kentucky.

Sept. 17, 1976.

Ed W. Hancock, Atty. Gen., Martin Glazer, Deputy Atty. Gen., Frankfort, James Lyon, Greenup, for appellants.

Charles M. Daniels, J. D. Atkinson, Jr., James E. Armstrong, Greenup, for appellees.

PALMORE, Justice.

The appellants Morefield and Groves brought this action to invalidate the election of several members of the city council of the City of Flatwoods and to declare their respective offices vacant. Morefield had been an unsuccessful candidate for one of the seats in question. Groves sued as a citizen and voter of the city. As a ground for relief they alleged that during the election campaign in 1974 the defendants were parties to the distribution of sample ballots that did not contain the information required by KRS 121.190(1).[1] KRS 121.-990(10) provides that the nomination or election of any candidate who violates this requirement shall be void.

Responsive pleadings having put in issue the constitutional validity of KRS 121.190, the Attorney-General became an interven-

---

1. Chapter 130, Section 191, Acts of 1974, the pertinent portion of which reads as follows:

   "All newspaper or magazine advertising, posters, circulars, billboards, handbills, sample ballots, and paid-for television or radio announcements with reference to or intended for, the support or defeat of a candidate or candidates for nomination or election to any public office shall be identified by the words 'paid for by' followed by the name and address of the payer, or the committee, organization or association and its treasurer, on whose behalf the communication appears."

ing party. KRS 418.075; CR 24.03. The appeal here is taken by Morefield, Groves and the Attorney-General from a judgment dismissing the action against the defending members of the city council upon the ground that the statute in question violates the First Amendment right of free speech.

■ Though other arguments challenging the right of Morefield and Groves to relief are presented in the brief for appellees, they were not reached by the trial court and will not be considered on this appeal. Our opinion, as was that of the trial court, is confined to the constitutional question, and on that point we find the judgment to be in error.

The trial court relied on *Zwickler v. Coota*, 290 F.Supp. 244 (D.C.E.D.N.Y.1968), in which a three-judge court held invalid a state law requiring that any handbill or other writing distributed in quantity concerning any candidate in connection with any election for public office or a party position, or upon constitutional propositions, bear the name and address of the printer and of the sponsoring person or organization. The *Zwickler* decision, in turn, relied largely on *Talley v. California*, 362 U.S. 60, 80 S.Ct. 536, 4 L.Ed.2d 559 (1960), in which the United States Supreme Court (three members dissenting) had declared void on its face a Los Angeles ordinance prohibiting the distribution of "any hand-bill in any place under any circumstances, which does not have printed on the cover, or the face thereof, the name and address of the * * person who printed, wrote, compiled or manufactured the same" and of the person who caused it to be distributed.

Without disparaging *Zwickler*, we think its result was not required by *Talley*. Nor does *Talley* call for a similar disposition in this case. The vice of the Los Angeles ordinance, as in the instance of the licensing ordinance in *Lovell v. Griffin*, 303 U.S. 444,

58 S.Ct. 666, 82 L.Ed. 949 (1937), was its aimless breadth.[2] Responsive to the argument that it was directed only against fraud, false advertisement and libel, the *Talley* opinion comments as follows:

"Yet the ordinance is in no manner so limited, nor have we been referred to any legislative history indicating such a purpose. *Therefore we do not pass upon the validity of an ordinance limited to prevent these or any other supposed evils.* This ordinance simply bars all handbills under all circumstances anywhere that do not have the names and addresses printed on them in the place the ordinance requires." (Emphasis added.)

Thus by express disclaimer *Talley* leaves open the question of whether a similar law restricted to a discernible purpose would transgress the First Amendment.

In *United States v. Insco*, 365 F.Supp. 1308 (D.C.M.D.Fla.1973), a Florida statute made it a criminal offense to publish or distribute any "writing or other statement" relating to or concerning a candidate for election to the federal Congress unless it contained the name or names of the persons or organizations responsible for it. Jack P. Insco, a Republican, and William Gunter, a Democrat, were the nominees of their respective parties for election to the House of Representatives in 1972, a presidential year. Insco was indicted for causing to be distributed a quantity of bumper stickers reading "McGOVERN–GUNTER"[3] which did not bear the name of the sponsor. On a motion to dismiss the indictment the federal district court held that *Talley* did not apply and that the statute did not violate the First Amendment.

■ The obvious purpose of KRS 121.-190(1) is to promote honesty and fairness in the conduct of election campaigns. No one can dispute the legitimacy and desirability of such a purpose. While the right to pub-

2. The court referred to it as "The broad ordinance now before us," and "This broad Los Angeles ordinance." 362 U.S. at pages 63, 65, 80 S.Ct. at pages 538, 539.

3. Presumably the assumption was that the association with McGovern, the Democratic presidential candidate, would be the kiss of death.

lish anonymous material may exist to some degree, it does not seem altogether naive to assume that a fundamental objective of the First Amendment was to obviate the necessity for anonymity. Not only is it unnecessary in the conduct of public elections, it is repulsive. We have no hesitance in concluding that KRS 121.190(1) is valid.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.