STATE of Tennessee, Appellant,

v.

David L. ACEY, Appellee.

Supreme Court of Tennessee.

May 17, 1982.

William P. Sizer, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen. & Reporter, Nashville, for appellant.

James E. Swearengen, Memphis, for appellee.

OPINION

COOPER, Justice.

The issue in this appeal is the constitutionality of T.C.A. § 2–19–120,[1] which imposes criminal sanctions upon persons who anonymously disseminate written statements about candidates for public office.

Appellee was indicted and charged with violating the statute. On considering a motion to dismiss the indictment, the trial judge concluded that the statute is an overbroad restraint of freedom of expression contrary to the First Amendment of the United States Constitution and Article 1, Section 19, of the Tennessee Constitution, and dismissed the indictment. We think he was in error and consequently, reverse his order of dismissal.

The trial judge relied upon and quoted extensively from *Talley v. California*, 362 U.S. 60, 80 S.Ct. 536, 4 L.Ed.2d 559 (1960), which invalidated a broad municipal ordinance forbidding the distribution of all anonymous circulars. The Court stressed that the compelled identification could chill the exercise of the first amendment rights by persons who hold unpopular views and fear private sanctions if those views are publicly disclosed. The Court did not require proof of actual private coercion, finding the real if unmeasurable threat of chill and the extreme breadth of the ordinance a sufficient basis for declaring the law unconstitutional. Responsive to the argument that the ordinance was directed only against fraud, false advertisement and libel, the *Talley* opinion comments as follows:

> Yet the ordinance is in no manner so limited, nor have we been referred to any

1. § 2–19–120 Political Circulars or advertisements to be signed.—All written or printed circulars, advertisements or other statements with reference to any person who is a candidate for any public office in this state shall be signed by the writer thereof, or, if the same purport to be issued by any committee, organization or other similar associations, the same shall be signed with the names of the principal officers of such association. Any person or persons violating this section shall be guilty of a misdemeanor.

legislative history indicating such a purpose. Therefore we do not pass upon the validity of an ordinance limited to prevent these or any other supposed evils. This ordinance simply bars all handbills under all circumstances anywhere that do not have the names and addresses printed on them in the place the ordinance requires.

Thus by express disclaimer *Talley* leaves open the question of whether a similar law, whose focus is narrower than the ordinance considered in *Talley* and which is restricted to a discernible purpose, would transgress the state and federal constitutional guarantees of freedom of speech and press.

The scope of T.C.A. § 2–19–120 is narrower than the ordinance considered in *Talley*, in that it is limited to written or printed circulars, advertisements or other statements with reference to a candidate for public office in this state. Further, it has been recognized that a state has a strong and valid interest in preserving the integrity of the electoral process. *Rosario v. Rockefeller*, 410 U.S. 752, 761, 93 S.Ct. 1245, 1251, 36 L.Ed.2d 1 (1973). One way states ensure the integrity of the electoral process is to impose criminal sanctions upon persons who anonymously publish or distribute campaign literature and advertisements, as is done in T.C.A. § 2–19–120. The statute is not unique. In fact, more than 43 states and the federal government impose such sanctions. See 88 HARVARD LAW REVIEW 1111, 1286–87 (1975). An obvious purpose of these statutes is to promote honesty and fairness in the conduct of an election campaign. *Morefield v. Moore*, 540 S.W.2d 873 (Ky.1976). They also ensure that voters have information which will aid them in assessing the bias, interest, and credibility of the person or organization disseminating information about political candidates, and in determining the weight to be given a particular statement. *See, e.g., United States v. Scott*, 195 F.Supp. 440, 443 (D.N.D.1961); *Canon v. Justice Ct.*, 61 Cal.2d 446, 452, 458–59, 393 P.2d 428, 431, 416, 39 Cal.Rptr. 228, 231, 235 (1964); *State v. Freeman*, 143 Kan. 315, 319, 55 P.2d 362, 365 (1936). There does not appear to be a less restrictive means of furthering these legitimate purposes than through a campaign literature disclosure law; and, consequently, unlike the ordinance in *Talley*, T.C.A. 2–19–120 cannot be said to be overly broad.

The judgment of the trial court is reversed and the cause is remanded for trial. Costs incident to the appeal are adjudged against appellee, David L. Acey.

HARBISON, C. J., and FONES, BROCK and DROWOTA, JJ., concur.